

Filed For Record This ___
Day Of April 20 22
At 9:00 O'Clock __m.
Cindy Wagnon, Circuit Clerk

IN THE CIRCUIT COURT OF BRADLEY COUNTY, ARKANSAS
Civil DIVISION

YVONNE ALLISON AND GWEN ROBINSON                    PLAINTIFFS

VS.                                    NO. 06CV-22-35-3

KENNETH SHELTON individually and d/b/a              DEFENDANTS
SEICORP CORPORATION
AND AIX SPECIALTY INSURANCE COMPANY
AND GOLDEN STATE CLAIMS ADJUSTERS

## COMPLAINT

Comes now the Plaintiffs and for their Complaint allege and state:

1. The Plaintiffs are homeowners of the home located at 309 Beavers Street in the city of Warren in Bradley County, Arkansas ("the home"). Yvonne Allison is a resident of Bradley County, Arkansas and Gwen Robinson is currently a resident of the state of Georgia. The two plaintiffs are biological sisters.

2. Kenneth Shelton ("Defendant Shelton") is a residential contractor and the owner of Seicorp Corporation, an Arkansas Corporation located and doing business in Arkansas with its principal office located in Union County, Arkansas.

EXHIBIT A

3. AIX Specialty Insurance Company ("AIX") is a Connecticut Corporation doing business in Arkansas with its principal place of business in Windsor, Connecticut.

4. Golden State Claims Adjusters ("GSCA) is a claims adjusting firm doing business in Arkansas with its principal place of business in Carlsbad, California.

5. The events and contracts that gave rise to Plaintiffs' claims transpired in Bradley County, and the real property which is the subject of the claims is located in Bradley County.

6. Venue and jurisdiction over the subject matter and persons are proper in Bradley County, Arkansas.

## BREACH OF CONTRACT

7. This lawsuit arises out of a contract executed on June 13, 2020 by and between Plaintiffs, Yvonne Allison and Gwen Robinson, and Kenneth Shelton d/b/a Seicorp Corporation and other promises Defendant Shelton made to Plaintiff to entice them to enter into a contract for construction and renovations.

8. On or about June 13, 2020 Plaintiffs executed a contract with Defendant Shelton to renovate the home at a contract price of $50,000.00, and subsequently executed an "Additional Work Authorization" on November 18, 2020 at Defendant Shelton's request for $7000.00. Plaintiffs paid $25,000.00 on June 16, 2020 and work was to begin by June 30, 2020; however, Defendant Shelton did not start until the end of July 2020. Another $7000.00 was requested with the Additional Work Authorization in November of 2020 and was paid to Defendant Shelton by the Plaintiffs. Then, in December 2020 he demanded an additional $8000.00 under the same Additional Work Authorization and was paid by the Plaintiffs in hopes that he would complete the work. A total of

$40,000.00 was paid to Defendant Shelton under the contract and addendum and the Plaintiffs received incomplete and defective work in return.

9. The Plaintiffs agreed to pay to Defendant Shelton the sums in exchange for the agreed upon timely construction and renovation as outlined in the contract and Additional Work Authorization attached hereto as Exhibit A and Exhibit B. However, Defendant Shelton failed and refused to complete the work in a timely and professional manner as agreed upon in the written contract and Additional Work Authorization and left the home in an uninhabitable condition since beginning work in July of 2020.

10. Defendant Shelton has therefore breached the contract terms with Plaintiffs.

11. Plaintiffs have been damaged as a result of Defendant Shelton's breach of contract in the sum of $40,000.00 plus interest at the legal rate from and after the date due according to proof. The Plaintiffs have performed all duties, promises, and obligations required of Plaintiffs and all conditions precedent that Plaintiffs agreed to perform under the agreement with the Defendant Shelton herein.

12. Because of Defendant Shelton's breach, Plaintiffs have suffered general and consequential damages, including loss of value to property. Plaintiffs are entitled to a judgment of money damages of not less than $40,000.00, plus consequential damages, plus attorney's fees and interest due to Defendant Shelton's breach of contract.

## BREACH OF IMPLIED WARRANTY OF SOUND WORKMANSHIP AND PROPER CONSTRUCTION

13. Plaintiffs incorporate by reference each and every material allegation contained in Paragraphs 1-12 as if set out herein, word for word.

14. Defendant Shelton performed the renovations and construction in a defective manner which in essence deprived the Plaintiffs of the use of the property. Specifically, the home

was gutted, the roof removed, and other work to the plumbing, floors, and entire home left the home completely uninhabitable since July 2020 when he began work.

15. Defendant Shelton's work resulted in significant water and other damage to the home's structure and foundation and Plaintiffs are having to pay significant costs to correct the defective construction and renovations performed by Defendant Shelton.

16. Defendant Shelton's renovations and construction failed to conform to the warranties of sound workmanship and proper construction.

17. Plaintiffs repeatedly reached out the Defendant Shelton by telephone and written notice to correct the defective work. He failed to do so. On or about August 11, 2021, Defendant Shelton agreed to contact the Plaintiffs regarding a refund. He did not.

18. As a result of this failure and the deficiency in the work by Defendant Shelton, Plaintiffs suffered loss in value to their property. Further, the property damage has been compounded by the heavy rain and harsh weather over the last year and a half

19. As a result of Defendant Shelton's breaches, the Plaintiff was left homeless since June 2020, and remains displaced while another contractor has been hired by Plaintiffs to correct the defective work by Defendant Shelton.

20. Plaintiffs have suffered damages, financially and emotionally and have incurred substantial costs to mitigate the damage of the defective workmanship and construction of Defendant Shelton. Consequential damages, mold remediation, and other repair costs to correct damage left by Defendant Shelton is being sought in this lawsuit. Remedial work is ongoing at this time.

## FRAUD

21. Plaintiffs incorporate by reference each and every material allegation contained in Paragraphs 1-20 as if set out herein, word for word.

22. Defendant Shelton is a residential contractor who has been jailed for home improvement fraud in Louisiana, and who has been the subject of numerous faulty workmanship complaints from homeowners in Arkansas and Louisiana.

23. Prior to hiring Shelton, Plaintiffs were unaware of his background involving fraud. They entered into a contract with Shelton to provide remodeling, renovation, repair, and other similar work on the home after he assured them that he could do the work. Subsequently, an additional add-on contract was entered into which Defendant Shelton claimed was necessary to continue his work.

24. At all times prior to being hired and after, Shelton held himself out to be an honest, competent, and licensed contractor who would complete the work in a timely and acceptable manner in compliance with industry standards. Plaintiffs were unaware of Defendant Shelton's tarnished and criminal reputation upon retaining his services, and would not have hired him had they known of his background.

25. None of Defendant Shelton's work on Plaintiffs' property was completed in a satisfactory or timely manner, although he has been paid a significant amount of money for services that he promised to provide under his agreement with the Plaintiffs.

26. Defendant Shelton performed substandard and shoddy work at the home, resulting in extensive property damage to the home. Based upon his background and skills, he was not qualified or capable of performing the major work for which he contracted and

accepted payment. He agreed to contact Plaintiffs for a refund but failed to do so and has financially benefited from the fraud perpetuated upon the Plaintiffs.

27. Fraud and misrepresentation in this matter occurred when Shelton, to induce Plaintiffs to hire him, deliberately concealed material facts prior to being hired by Plaintiffs regarding to his history of home improvement fraud, multiple homeowner complaints, inability to procure competent workers, and his lack of skills to perform the contracts. Further, prior to his hiring, he represented to Plaintiffs that he could complete all work in a timely, competent, and professional manner. These representations were false and Shelton knew the falsity of these statements at the time they were made. Additionally, he misrepresented his intentions to refund Plaintiffs' money.

28. Plaintiffs allege that Shelton's malicious, fraudulent, and oppressive actions were done with the specific purpose of defrauding them.

29. As a result of Plaintiffs' justified reliance on Defendant Shelton's representations and misrepresentations, they suffered damage to their property and their mental health.

30. Plaintiffs depleted their savings and took out a loan to pay Defendant Shelton for the faulty/incomplete work, and continue to face financial hardship in beginning the process of repairing and remediating the conditions arising out of the defective work performed by Shelton. The unjust actions and delay by Shelton, AIX, and GSCA have caused financial and emotional injuries to Plaintiff and Plaintiffs have suffered damages as a result of the fraud and are entitled to damages.

## TORT OF OUTRAGE

31. Plaintiffs incorporate by reference each and every material allegation contained in Paragraphs 1-30 as if set out herein, word for word.

32. Defendant Shelton abandoned the work and left the home gutted, damaged, and unfinished and exposed to the elements from July 2020 until early 2022 when the Plaintiffs were financially able to hire another contractor. He refused to return the Plaintiffs money and left the home uninhabitable leaving Plaintiff Allison, who had been residing in the home up until the renovations started, totally homeless and displaced for almost two years.

33. After Defendant Shelton refused to refund any of the Plaintiffs' money or complete the job, Plaintiffs contacted GSCA, the firm handling claims for AIX, in August 2021. GSCA opened a claim; however, never conducted an investigation nor followed through to process the claim in a timely and proper manner—knowing that the Plaintiffs' home was uninhabitable---and in spite of numerous contacts by Plaintiffs. Liability was never officially accepted or denied. Upon information and belief, GSCA acted on behalf of and as the agent for AIX at all relevant times.

34. Plaintiffs hired counsel in October 2021, and the undersigned attorney made many calls and sent numerous emails to GSCA for almost six months, and GSCA failed to fully investigate, inspect the home, accept liability, or deny liability—and GSCA was made aware (by the undersigned counsel) that Plaintiff Allison had been out of the home since mid-2020 living where she could live in the city. GSCA informed the undersigned counsel that it was in contact with the carrier (AIX) and would be in touch regarding whether the claim would be denied; however, no written denial was ever sent.

35. As of the date of the filing of this lawsuit, GSCA has not provided a written denial or acceptance, and has said very little regarding the claim despite the urgency of the situation and despite repeated contact from Plaintiffs and their counsel.

36. Plaintiffs have been denied the enjoyment of the home since it was extensively damaged by Shelton's faulty workmanship and abandonment, and this ongoing matter has caused Plaintiffs to suffer great emotional distress.

37. Shelton was placed on notice of Plaintiffs' claims by Plaintiffs and both GSCA and AIX were placed on notice of the claims in August 2021. For over eight months, the Defendants have ignored Plaintiffs' urgent pleas and have engaged in delay, denial, and silence when time has been of the essence. The egregious conduct and tactics have resulted in immense frustration, intense emotional distress, and extreme financial hardship for the Plaintiffs—one of whom has been displaced from the home since July 2020.

38. Because AIX issued a commercial general liability policy to Seicorp Corporation and GSCA was the claims adjusting firm, both had a duty to undertake a thorough investigation to determine coverage. Both Defendants failed to arrange or request an inspection and damage appraisal, failed to request a recorded statement or any documentation other than a copy of the contract and photos—which were promptly provided to GSCA in August 2021. Eight months passed since the initial contact with GSCA. A declination of coverage letter has yet to be received by Plaintiffs or their counsel. This is unacceptable.

39. On July 27, 2011, the Arkansas General Assembly passed Arkansas Code Annotated §23-79-155 (Repl. 2014), which provides that a commercial general liability policy "offered for sale in this state shall contain a definition of 'occurrence' that includes... [p]roperty damage or bodily injury resulting from faulty workmanship."

40. Because faulty workmanship, by law, should be covered by AIX's policy, and because the faulty work performed by Defendant Shelton caused property damage, AIX has in essence wrongfully denied coverage in this matter and/or failed to provide coverage in a timely manner for a covered loss.
41. The extensive delays and denials by the Defendants have caused and continue to cause damage to Plaintiffs' physical and emotional well-being and have resulted in an inability to enjoy the home. Plaintiffs' financial and emotional damage have been extensive. Being displaced from the home for almost two years and moving from place to place to find shelter over the last year and a half has been devastating to the Plaintiffs.
42. Defendants willfully and wantonly engaged in extreme and outrageous conduct in this matter, and such conduct proximately caused damage to Plaintiffs in the nature of emotional distress.
43. Defendants knew or should have known in light of surrounding circumstances that their conduct would naturally and probably result in emotional distress to Plaintiffs given Defendants' knowledge that Plaintiff Allison was displaced from the home since the renovations started, and given the amount of money the Plaintiffs, two elderly sisters, have paid on the renovations and will pay to remedy the defective and faulty work and chaos left by Defendant Shelton. Yet, Defendants continued their delays, silence, and denials in reckless disregard of the consequences.
44. Defendants' extreme and outrageous conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and should be regarded as atrocious and utterly intolerable in a civilized society.

45. Plaintiffs have suffered and continue to suffer severe emotional distress resulting from being defrauded by a trusted contractor and ignored by his claims adjuster and insurer after spending substantial sums of money which they borrowed to renovate their home. Further, essentially being homeless and having to stay with others or in a rented space for almost two years has compounded that emotional stress as has having to fund renovations to correct and complete Defendant Shelton's work. This emotional distress is justified under the circumstances and no reasonable person could be expected to endure it.

46. Plaintiffs have suffered damages due to the outrageous conduct and practices of the Defendants which has resulted in emotional distress. Accordingly, Plaintiffs are entitled to damages.

## PUNITIVE DAMAGES

47. Plaintiffs are entitled to punitive damages because the Defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and they continued the conduct with malice or in reckless disregard of the consequences from which malice might be inferred.

48. Further, Defendants intentionally pursued a course of conduct involving delay, denial, and ignoring Plaintiffs for the purpose of causing injury or damage.

## PRAYER FOR RELIEF

49. Plaintiffs are seeking damages for breach of contract, breach of implied warranties, fraud and misrepresentation, the tort of outrage and the intentional infliction of emotional distress, as well as punitive damages.

50. Plaintiffs are entitled to recover attorney's fees, interest, and costs.

51. Plaintiffs request a trial by jury.

WHEREFORE, Plaintiffs pray for judgment against Defendants, individually and severally, including an award of compensatory and punitive damages, plus pre-judgment and post-judgment interest, attorney's fees, and for all other relief to which they are entitled.

          Judy Wilber
          Bar # 93217
          Attorney for Plaintiffs
          By: *Judy Wilber*
          11610 Pleasant Ridge Road, Suite 103 #214
          Little Rock, Arkansas 72223
          (501) 993-6252 phone
          (501) 673-4005 fax
          Judy.LegalCounsel@yahoo.com

Date: April 15, 2022

Selcorp Corporation  501-503-0513
P.O. Box 11882
El Dorado, AR 71730   Lic # 027292

**Job Invoice**

Gwen Robinson or Yvonne Allison
309 Beavers Street
Warren, AR 71671
770-843-4936

06/13/2020  KS
870-312-0397
309 Beavers Street Warren, AR
870-820-3556

Progress payments

| QTY | MATERIAL | UNIT | AMOUNT | DESCRIPTION OF WORK |
|---|---|---|---|---|
| | Siding of entire house | | | Replace beams, floor joist as needed |
| 3 | Replace shedder as needed, brown | | | included is damaged concrete floor |
| 3 | White Exterior Doors 36in | | | in living room, Replace any damaged |
| 3 | White Interior Doors 30in | | | rafters and damaged roof decking |
| | Gutters Front and Back | | Walk-in shower | as needed, reroof with new |
| | Replace Windows (storm) | | in bathroom | 3 tab shingles, brown in color |
| | Replace Front Porch Rails 6x6 beam | | extension | |
| | Relocate hot water heater inside | | bath vanity | **MISCELLANEOUS CHARGES** |
| | Laminated or Linoleum Floor | | | Per customer because of |
| 1 | Outside wall sockets | | | Limited funds, make repairs |
| | Sheetrock walls and Ceils | | | as important first as funds |
| | Paint walls and Ceiling | | $25,000 Dn | will not cover project |
| | Extend Bathroom | | $ _,___ after Rvf | |
| | Insulation Attic and walls | | $ 5,000 as needed | TOTAL MISCELLANEOUS |
| | Central Heat and Air | | $ _____ as needed | |

| LABOR | HRS. | RATE | AMOUNT |
|---|---|---|---|
| Recess Light / Kitchen | | | |
| Rise Ceiling in Den | Kitchen cabinet | | |
| Replace outlet and switches | refacing laminated | | |
| Wider Toilet (high) | countertop double sink | | |
| | (sit island matching countertop) | | |

TOTAL MATERIALS    TOTAL LABOR

TOTAL LABOR
TOTAL MATERIALS
TOTAL MISCELLANEOUS
SUBTOTAL
TAX
GRAND TOTAL

Yvonne Allison
Kenneth Shelly

Original Contract

**PLAINTIFF'S EXHIBIT A**

# ADDITIONAL WORK AUTHORIZATION

Salcorp Corporation
P.O. Box 11882
El Dorado, AR 71730
501-503-0513

| | |
|---|---|
| CHANGE ORDER # | 2005 |
| DATE | 11-18-2020 |
| CUSTOMER NAME | Gwen Robinson |
| STREET | 309 Beavers Street |
| CITY | Warren |
| STATE/ZIP | Arkansas 71671 |

Original Job Information: Lic# 027292
JOB NAME: Replace Rotten Floor Joist and beam
LOCATION: 309 Beaver Street, Warren AR
JOB CONTRACT: Gwen Robinson / Yvonne Allison
DATE: 11-18-2020

We hereby submit the following specifically described additional work:

This following is for replacement of rotten and termite damaged beams and floor joist, proceeds are from the original contract and not additional charges project is to be completed within 3 week from funds transfer Dec 11, 2020

Upon Completion of floors, and additional $8000.00 is due for roof and replace any damage decking and rafters project is to be completed within 2 weeks of funds transfer 12/31/20.

Upon Completion of floors and Roof all other construction will proceed as original contract

Additional charge for above described work is: $ 7000.00 Dollars
with payments to be made as follows: Seven Thousand due before project starts

Additional work to be performed under same conditions as specified in original contract unless otherwise stipulated.
We propose hereby to furnish material and labor — complete in accordance with these specifications at above stated price.

Respectfully submitted _____

ACCEPTANCE OF ADDITIONAL WORK
The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payments will be made as outlined above.

Date of acceptance _____  Signature _____

ADDITIONAL WORK AUTHORIZATION

PLAINTIFF'S EXHIBIT B